UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-21820-CIV-MOORE/GARBER

UNITED STATES OF AMERICA

    Plaintiff,

vs.

$114,031.00 IN U.S. CURRENCY,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING THE UNITED STATES' REQUEST TO STRIKE CLAIM OF JUAN ANGEL MESA; ENTERING DEFAULT

THIS CAUSE came before the Court upon the United States' Request to Strike Claim of Juan Angel Mesa (dkt # 19 & 34) and Juan Angel Mesa's Response (dkt # 33) to this Court's Order to Show Cause (dkt # 31) why Juan Angel Mesa has standing as a claimant in this matter.

UPON CONSIDERATION of the Request, the Response to the Order to Show Cause, the other pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. BACKGROUND

On or about July 12, 2005, joint task force officers ("TFOs"), from U.S. Immigration and Customs Enforcement ("ICE"), established surveillance in the Sunny Isles area of Dade County, Florida, near the residence of Juan Angel Mesa ("Mesa" or "Claimant"). TFOs surveilled Mesa as he traveled to several branches of several different banking institutions. Mesa entered the banking institutions and looked around, but did not conduct any business at any of the locations. TFOs approached Mesa as he returned to his residence, located at 400 Kings Point Drive, in

Sunny Isles, Florida.  Mesa gave written consent for TFOs to search his house.

TFOs found a large clear plastic bag in a cabinet under the kitchen sink.  Inside the bag were fifteen (15) bundles, individually wrapped in newspaper and taped.  The fifteen (15) bundles contained a total of $114,031.00 in United States currency, which comprise the defendant currency in this case.

Following the discovery of the currency, TFOs interviewed Mesa.  Mesa stated that, a few days earlier, he had received a telephone call from an unknown male who wanted to meet with him to deliver money to him.  Mesa stated that he subsequently met an unidentified older male in a parking lot, located at Southwest 88th Street and Southwest 129th Avenue, in Kendall, Florida, where he received the defendant currency.  Mesa indicated that he was supposed to deliver the currency to another individual at a later time.  Mesa was given a telephone number, by the individual whom he met in the parking lot, for an unidentified individual in Colombia, and was told to call the number for instructions regarding delivery of the currency.  Upon placing the call to the telephone number in Colombia, Mesa spoke to an unidentified individual.  Mesa stated that the unidentified individual told him (Mesa) that he would call him back.  At the time of the interview, Mesa stated that he was still waiting for the return call.

During the interview, Mesa told TFOs that he had, in the past, picked up and delivered currency.  Mesa also stated that he expected to receive a percentage of the currency found inside his residence as payment for delivering the currency.

Following the interview, ICE agents seized the currency.  Shortly thereafter, a canine (K-9) investigation was conducted of the currency.  The K-9 narcotics dog made a positive alert to the scent of narcotics on the large plastic bag in which the currency was found, while the defendant currency was inside the bag.  The currency was removed from the plastic bag and

placed inside new, unused evidence bags.  The K-9 narcotics dog also made a positive alert to the scent of narcotics on the currency when placed inside the evidence bags.

Following the seizure of the defendant currency on July 12, 2005, claimant's counsel, Robert A. Rosenblatt (hereinafter "Rosenblatt"), wrote a letter, dated July 22, 2005, to ICE Special Agent Ruben Gonzalez ("SA Gonzalez") advising that he [Rosenblatt] had been retained by Mesa as counsel and requesting that the matter be referred to the appropriate authorities so that Rosenblatt may litigate the return of the defendant currency.  See Case No. 06-21312, dkt # 1, Attachment # 1.

Rosenblatt sent another letter, dated August 16, 2005, to ICE Special Agent John Slayton informing SA Slayton that Mesa was represented by counsel in regard to the seizure of the defendant currency.  See Case No. 06-21312, dkt # 1, Attachment # 2.

On October 18, 2005, U.S. Customs and Border Protection ("CBP"), Office of Fines, Penalties and Forfeitures ("FP&F"), sent a Notice of Seizure ("Notice"), via certified mail, to Mesa at his Sunny Isles, Florida, address.  However, the Notice omitted the unit number of Mesa's condominium.  On or about December 13, 2005, the Notice was returned to FP&F by the United States Postal Service as "unclaimed".

Subsequently, on November 28, 2005, a second Notice of Seizure ("Second Notice") was sent to Mesa, via certified mail, at the same address, again omitting the condominium unit number.  However, this Second Notice was received by Mesa on or about November 30, 2005. See Case No. 06-21312, dkt # 1, Attachment # 3 and Attachment # 4.  This Second Notice, which claimant Mesa acknowledges having received, included standard, specific instructions for filing a claim for the defendant currency, including a Seized Asset Claim Form and an Election of

3

Proceedings to be used in the event that the claimant wished to have the matter referred to the U.S. Attorney's Office for a court decision.

Rosenblatt sent a letter, dated December 8, 2005, to FP&F, advising that the November 28, 2006 Notice of Seizure had been received and demanding return of the defendant currency. See Case No. 06-21312, dkt # 1, Attachment # 4. The letter did not state claimant Mesa's interest in the defendant currency and was not submitted under oath, subject to penalty of perjury. A second, virtually identical letter, dated December 9, 2005, was sent by Rosenblatt to SA Gonzalez. See Case No. 06-21312, dkt # 1, Attachment # 5. This letter, which also demanded return of the defendant currency, failed to state Mesa's interest in the defendant currency and was not submitted under oath, subject to penalty of perjury.

Subsequently, on May 24, 2006, Mesa filed a Rule 41 Complaint. Thereafter, on July 21, 2006, the United States filed its Complaint for Forfeiture, and Mesa's Complaint was consolidated with the United States' Complaint for Forfeiture in this matter. On January 11, 2007, the United States filed a Motion (dkt # 19) requesting that the Court enter an order compelling Mesa to show cause why he has standing as a claimant in this matter and requesting that the Court strike his claim. On March 7, 2007, the Court entered an Order (dkt # 31) ordering Mesa to show cause why he has standing as a claimant in this matter. On March 12, 2007, Mesa filed a Response (dkt # 33). On March 19, 2007, the United States filed a Reply (dkt # 34) and renewed its request that the Court strike Mesa's claim.

## II. ANALYSIS

"[A] party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture." U.S. v. $500,000, 730 F.2d 1437, 1439 (11th

4

Cir. 1984) (citing U.S. v. $364,960.00 in U.S. Currency, 661 F.2d 319, 326 (5th Cir. 1981)). "One must claim an ownership or possessory interest in the property seized." Id. (citing U.S. v. $15,500.00, 558 F.2d 1359, 1361 (9th Cir. 1977)). "The burden of establishing standing in forfeiture proceedings is on the claimant." Id.

In his Response (dkt # 33), Mesa does not attempt to meet the above burden to show why he has standing as a claimant or to demonstrate any ownership or possessory interest in the property seized. Instead, Mesa argues that he is not required to show that he has standing as a claimant because the Government admits that it did not give him notice of seizure within 60-days as required by 18 U.S.C. §983(a). Mesa's Resp. at 2–3 ("No burden under the Supplemental Rules or any other additional showing is placed upon such a person").

Section 983(a)(1)(F), which deals with the failure to provide notice within 60-days of a seizure, provides as follows:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person *without prejudice to the right of the Government to commence a forfeiture proceeding at a later time*. The Government *shall not be required to return contraband* or other property that the person from whom the property was seized may not legally possess.

18 U.S.C. §983(a)(1)(F) (emphasis added). Mesa argues that this statute should be read to prohibit the Government, upon failure to send notice within the 60-days required, from bringing a forfeiture proceeding until "a later time," which Mesa argues means a time after the property has been returned to the person from whom it was seized. One Court appears to have adopted this interpretation. *See* U.S. v. Assorted Jewelry, 386 F. Supp. 2d 9 (D.P.R. 2005). Other courts have held that inadequate notice under this statute does not prohibit the Government from bringing a forfeiture proceeding at any time, regardless of whether the property has been returned. *See*

5

Manjarrez v. U.S., 2002 WL 31870533, *2 (N.D. Ill. 2002) ("Saying that the returning of the property does not prevent later filing of a forfeiture action is very different from saying that returning the property is a jurisdictional prerequisite to the later filing of a forfeiture action."); *see also* Salmo v. U.S., 2006 WL 2975503, *3 (E.D. Mich. 2006); U.S. v. Thompson, 351 F. Supp. 2d 692, 693 (E.D. Mich. 2005).

This Court agrees with the reasoning in Manjarrez, Salmo, and Thompson. The plain language of the statute says that returning the property would not prevent the Government from later bringing a forfeiture proceeding.  It does not say that the Government is required to return the property before it can bring a forfeiture proceeding.  Further, the additional language of the statute that "[t]he Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess" supports the Governments position that the defendant property in this action, the $114,031.00, is not required to be returned. 18 U.S.C. §983(a)(1)(F).  In this proceeding, the Government has alleged that the defendant $114,031.00 is money connected with drug trafficking, and a K-9 narcotics dog made positive alerts as to the scent of narcotics on the money.  Drug trafficking proceeds are contraband not required to be returned.

Mesa originally told TFOs that he received a call from an unknown male who asked him to hold the money for him and then deliver the money to another individual at a later time.  Mesa did not claim to be otherwise involved or have any claim to the money other than to deliver it from one person to another.  A courier does not have an ownership or possessory interest in a package, and Mesa has not otherwise adequately responded to this Court's Order to Show Cause (dkt # 31), requiring him to show how he might have an ownership or possessory interest in the money sufficient to convey standing.  Therefore, the Court holds that Mesa does not have

standing as a claimant in this proceeding, and his claim should be stricken.

On or before October 16, 2006, service was completed by publication (dkt # 13). No other parties have filed a claim in this proceeding and the time has passed for doing so; therefore, default against the defendant $114,031.00 is appropriate.

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that the United States' Request to Strike Claim of Juan Angel Mesa (dkt # 19 & 34) is GRANTED. The claim of Juan Angel Mesa is hereby STRICKEN. It is further

ORDERED AND ADJUDGED that Default is hereby entered against Defendant $114,031.00 in United States Currency. Plaintiffs are hereby instructed to file a motion for default judgment within twenty (20) days of the date of this Order or this case will be dismissed and the Court will be divested of jurisdiction. The Clerk of Court is directed to administratively CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of October, 2007.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record
      U.S. Magistrate Judge Barry L. Garber